## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JUSNZ JOSEPH | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:17-cv-2739 |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND STEVEN SEAMAN | § | JURY REQUESTED |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, KNIGHT TRANSPORTATION, INC. AND STEVEN SEAMAN, and hereby gives notice of their removal of Cause No. 2017-53389 filed in the 127th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.      On or about September 15, 2015, Plaintiff was driving in traffic on 100 block of West Richey and I-45 Northbound when he was struck by the Knight Transportation's tractor and trailer in Harris County, Texas.  Plaintiff claims he was injured as a result of this collision and filed suit in state court.

2.      Plaintiff filed suit in state court on August 10, 2017.  Service of Citation and Petition and Discovery Requests was made on the registered for Knight Transportation, Inc. on August 24, 2017.  Defendant Steven Seaman volunatrialy accepts service of citation.  In Plaintiff's Petition there is a monetary claim for damages in an amount greater than $200,000.00, but less than $1,000,000.00, which exceeds the jurisdictional minimum.  The case has been on file for less than one year.  Removal is both timely and appropriate.

## Basis for Removal and Jurisdiction

3.     This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $200,000.00, but less than $1,000,000.00.

## Full Diversity Between the Parties

### *Complete Diversity of Citizenship*

4.     To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant.  28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties as the Plaintiff is a Texas citizen and none of the Defendants are Texas citizens or corporations

5.     Plaintiff, Jusnz Joseph, Jr., is a resident and citizen of the State of Texas.

6.     Defendant, Steven Seaman, is a resident and citizen of the State of Nevada.

7.     Defendant, Knight Transportation, Inc. is an Arizona corporation with its principal place of business in Arizona.

### *Amount in Controversy*

8.     In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

9.     Plaintiff is seeking more than $200,000.00 in damages, as stated in his Petition.

## Removal is Timely and Appropriate

10.     If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove.  28 U.S.C. §

1446(b).  A defendant has 30 days to remove a civil action after receipt of the first pleading or other

paper that establishes the jurisdictional grounds.  28 U.S.C. § 1446(b).  When diversity is the basis

for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the

complaint to meet the monetary jurisdictional requirement for diversity.  *S.W.S. Erectors, Inc. v.

Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).    "The burden of establishing subject matter

jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v.

Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Pleading voluntarily asserts an

amount in controversy in excess of $200,000.00.  This removal is filed within the thirty (30) days of

the service of Plaintiff's Petition.  The removal is both timely and appropriate.

### Jury Demanded

11.     Defendants request that the case be tried before a jury.

### Consent of Served Defendants

12.     Defendants, Knight Transportation, Inc. and Steven Seaman, have been properly

served and consent to this removal.

### Compliance with Local Rule and Notice Requirements

14.     Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are

attached to this Notice:

Exhibit A ........ List of State Court Filings

Exhibit B ........ Plaintiff's Original Petition and Discovery Requests (Requests for Disclosure, Requests for Production and Interrogatories) with Civil Case Information Sheet and Exhibit A (08/10/17)

Exhibit C…….Civil Process Request Form (08/10/17)

Exhibit D…….Civil Process Pick-Up Form – addressed to Plaintiff's attorney (08/14/17)

Exhibit E…….Civil Process Pick-Up Form – addressed to Process Server (08/17/17)

Defendants know of no orders signed by the state judge.

15.     Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff.  A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

/s/ Roger D. Oppenheim
_____

Roger D. Oppenheim
FBN:  14206
SBN:  15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC.
AND STEVEN SEAMAN

## CERTIFICATE OF SERVICE

On this 12th day of September, 2017, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

**Mr. Michael Pierce**
**Mr. James Laamey**
**Pierce Skrabankek, PLLC**
**3701 Kirby Drive, Ste. 760**
**Houston, TX 77098**
**michael@pstriallaw.com**
**james@pstriallaw.com**
**service@pstriallaw.com**

/s/ Roger D. Oppenheim
_____

Roger D. Oppenheim

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JUSNZ JOSEPH | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-2739 |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND STEVEN SEAMAN | § | JURY REQUESTED |

## <u>INDEX OF MATTERS BEING FILED</u>

Defendants, KNIGHT TRANSPORTATION, INC. AND STEVEN SEAMAN, in connection with the removal of this case to the United States District Court for the Southern District of Texas, Houston Division, file their index of matters, as follows:

Exhibit A ........ List of State Court Filings

Exhibit B ........ Plaintiff's Original Petition and Discovery Requests (Requests for Disclosure, Requests for Production and Interrogatories) with Civil Case Information Sheet and Exhibit A (08/10/17)

Exhibit C ....... Civil Process Request Form (08/10/17)

Exhibit D ....... Civil Process Pick-Up Form – addressed to Plaintiff's attorney (08/14/17)

Exhibit E ....... Civil Process Pick-Up Form – addressed to Process Server (08/17/17)

Respectfully submitted,

/s/ Roger D. Oppenheim

_____
Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC.
AND STEVEN SEAMAN

## CERTIFICATE OF SERVICE

On this 12thday of September, 2017, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

**Mr. Michael Pierce**
**Mr. James Laamey**
**Pierce Skrabankek, PLLC**
**3701 Kirby Drive, Ste. 760**
**Houston, TX 77098**
**michael@pstriallaw.com**
**james@pstriallaw.com**
**service@pstriallaw.com**

/s/ Roger D. Oppenheim

_____
Roger D. Oppenheim

**HCDistrictclerk.com**      JOSEPH, JUNSZ vs. SEAMAN, STEVEN                    9/6/2017
Cause: 201753389      CDI: 7      Court: 127

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| restricted | Civil process pick-up form | | 08/17/2017 | 1 |
| restricted | Civil Process Pick-up form | | 08/14/2017 | 1 |
| restricted | Plaintiff's Original Petition and First Set of Discovery | | 08/10/2017 | 7 |
| -> restricted | civil case information sheet | | 08/10/2017 | 1 |
| -> restricted | civil process request | | 08/10/2017 | 2 |
| -> restricted | Exhibit A | | 08/10/2017 | 28 |



CIVIL CASE INFORMATION SHEET (REV. 2/13)

8/10/2017 3:29:58 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 18769796
By: THOMAS, LISA E
Filed: 8/10/2017 3:29:58 PM

CAUSE NUMBER (FOR CLERK USE ONLY): _____
2017-53389 / Court: 127

COURT (FOR CLERK USE ONLY): _____

STYLED  Junsz Joseph v. Steven Seaman and Knight Transportation, Inc.

(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Michael E. Pierce | Email: michael@pstriallaw.com | Plaintiff(s)/Petitioner(s): Junsz Joseph | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 3701 Kirby Drive, Suite 760 | Telephone: 832-690-7000 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77098 | Fax: 832-616-5576 | Defendant(s)/Respondent(s): Steven Seaman | Custodial Parent: |
| Signature: /s/Michael E. Pierce | State Bar No: 24039117 | Knight Transportation, Inc. | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- *Malpractice*
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☒ Motor Vehicle Accident
- ☐ Premises
- *Product Liability*
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Family Law**

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- *Divorce*
  - ☐ With Children
  - ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Certified Document Number: 76304303 - Page 1 of 1

DEFENDANT'S EXHIBIT
B
ALL-STATE LEGAL®



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this ___September 6, 2017___

Certified Document Number:        76304303 Total Pages: 1

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/10/2017 3:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18769796
By: Lisa Thomas
Filed: 8/10/2017 3:29 PM

# 2017-53389 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| JUNSZ JOSEPH, | § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STEVEN SEAMAN AND | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Junsz Joseph ("Plaintiff") complains of Steven Seaman and Knight Transportation, Inc. ("Defendants") and would respectfully show that:

## I.

### DISCOVERY CONTROL PLAN

1.     Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II.

### JURISDICTION AND VENUE

2.     The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because the acts and/or omissions giving rise to this action occurred in Harris County.

## III.

### STATEMENT REGARDING MONETARY RELIEF SOUGHT

3.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $200,000 but less than $1 million. Discovery in this matter has just commenced and,

Certified Document Number: 76304301 - Page 1 of 7

therefore, Plaintiff cannot reliably state a maximum amount of damages he is seeking at this time and reserves his right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.

## PARTIES

4.    Plaintiff Junsz Joseph is a resident of Harris County.

5.    Defendant-driver Steven Seaman is a Arizona resident and may be personally served at his residence, 3427 McCormick Blvd., Bullhead City, Arizona 86429, or wherever he may be found.

6.    Defendant-owner Knight Transportation, Inc. is an Arizona Corporation and doing significant business in the State of Texas. Defendant Knight Transportation, Inc. may be served through its registered agent CT Corp. System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## V.

## FACTS

7.    On or about September 15, 2015, Plaintiff was traveling eastbound in lane 1 of W. Richey Rd. Defendant Seaman was traveling in the same direction in the left-turn lane of W. Richey Rd, in an 18-wheeler owned by Defendant Knight Transportation, Inc. As Plaintiff passed Defendant Seaman on Defendant Seaman's right, Defendant Seaman attempted to turn into the lane occupied by Plaintiff striking Plaintiff's vehicle. Defendant Seaman was assigned sole responsibility for the collision and cited for changing lanes when unsafe. Plaintiff suffered severe physical injuries as a result of the incident.

8.    At all times material hereto, Defendant Seaman was operating the truck in the course and scope of his employment with Defendant Knight Transportation, Inc. As such,

Certified Document Number: 7630430 - Page 2 of 7

Defendant Knight Transportation, Inc. is vicariously liable for Defendant Seaman's negligent acts and omissions under the doctrine of *respondeat superior*.

## VI.

## CAUSES OF ACTION

### A. *Negligence, Negligence per se, and Gross Negligence*

9.      Defendants are liable to Plaintiff under the theories of negligence, negligence per se, and gross negligence. Plaintiff sustained injuries because of Defendants' negligence, negligence per se, and gross negligence when Defendants:

      a) Failed to drive in a reasonable manner to prevent such accident;

      b) Failed to maintain a safe distance;

      c) Failed to keep a proper lookout;

      d) Failed to yield the right of way;

      e) Failed to obey a traffic control device;

      f) Violated applicable, local, state, and federal laws and/or regulations; and

      g) Other acts so deemed negligent and grossly negligent.

10.      Defendant Tate was negligent per se for violating applicable provisions of the Texas Transportation Code

### B. *Negligent Supervision and Hiring*

11.      Defendant Knight Transportation, Inc. was negligent and grossly negligent in hiring and retaining Defendant Seaman. As Defendant's employer, Defendant Knight Transportation, Inc. exercised control and supervision over the activities and omissions of Defendant Seaman and is accordingly liable for failing to adequately supervise Defendant Seaman.

Certified Document Number: 76304301 - Page 3 of 7

### C. Negligent Entrustment

12.     Defendant Knight Transportation, Inc. committed negligence when it entrusted a motor vehicle to Defendant Seaman. As the owner/controller of the motor vehicle driven by Defendant Seaman, Defendant Knight Transportation, Inc. entrusted its motor vehicle to another person.  That person, Defendant Seaman, was an unlicensed, incompetent, and/or reckless driver. Defendant Knight Transportation, Inc. knew or should have known that Defendant Seaman was unlicensed, incompetent, and or reckless.  Defendant Seaman was negligent on the occasion in question.  Defendant Seaman's negligence proximately caused Plaintiff's injury

13.     Defendants should also be held liable as a matter of law for their violations of the Texas Transportation Code and Federal Motor Carrier Safety Regulations.

14.     As a result of Defendants' negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for his injuries.

## VII.

## DAMAGES

15.     As a direct and proximate result of the negligence, negligence per se, gross negligence, negligent supervision, and negligent entrustment of Defendants, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate cause of Defendant's negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will

Certified Document Number: 7630430I - Page 4 of 7

incur in the future pharmaceutical and/or medical expenses in connection with his injuries. Plaintiff also seeks to recover for the property damage done to the vehicle and consequential damages due to the loss of use of the vehicle.

16.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Defendants are therefore liable for exemplary damages.

## VIII.

### RULE 193.7 NOTICE

17.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.

### FIRST SET OF DISCOVERY TO DEFENDANTS

18.     Plaintiff refers Defendants to the attached Interrogatories, Request for Production, and Request for Disclosure, and notifies Defendants that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

Certified Document Number: 76304301 - Page 5 of 7

## X.

## CONDITIONS PRECEDENT

19.     All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## X.

## JURY DEMAND

20.     Plaintiff hereby demands a trial by jury.

## XI.

## PRAYER

21.     For the reasons discussed herein, Plaintiff prays this court cite Defendants to appear and to answer herein and that Plaintiff have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages

- Costs of Court;

Certified Document Number: 76304301 - Page 6 of 7

6

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PIERCE SKRABANEK, PLLC


*/s/ Michael E. Pierce*
MICHAEL E. PIERCE
State Bar No. 24039117
JAMES P. LAMEY
State Bar No. 24094072
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:      michael@pstriallaw.com
            james@pstriallaw.com
            service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 7630430 - Page 7 of 7

7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 6, 2017

Certified Document Number:        76304301 Total Pages:  7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2017-53389 / Court: 127

# EXHIBIT A

Certified Document Number: 76304302 - Page 1 of 28

CAUSE NO. _____

| | | |
|---|---|---|
| JUNSZ JOSEPH, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STEVEN SEAMAN AND | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR DISCLOSURE TO DEFENDANT STEVEN SEAMAN

To:   Defendant Steven Seaman, 3427 McCormick Blvd. Bullhead City, Arizona 86429, or wherever he may be found.

Plaintiff, in accordance with the provisions of the Texas Rules of Civil Procedure, propounds the following Interrogatories, Request for Production, and Request for Disclosure to Defendant Steven Seaman and requests that these requests be answered separately and fully in writing, under oath, and served upon the undersigned attorney within fifty (50) days after service hereof.

Please note that, in accordance with Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your response if you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or you know that the response, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Michael E. Pierce*

MICHAEL E. PIERCE
State Bar No. 24039117
JAMES P. LAMEY
State Bar No. 24094072
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:      michael@pstriallaw.com
            james@pstriallaw.com
            service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 76304302 - Page 3 of 28

2

# I.

## INSTRUCTIONS AND DEFINITIONS

1.  When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.  All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged. If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.  All responses must be made separately and fully. An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.  Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.  The TEXAS RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence: (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.  If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

    (i)    A short statement identifying each privilege involving the basis therefore;

    (ii)   The facts upon which you relied to support the claim of privilege;

    (iii)  A description of all documents for which such privilege is claimed, including:

           a.    the type of document;
           b.    a brief statement of the document's general topic matter;
           c.    the date of the document;
           d.    author(s) and their title(s) and position(s); and

Certified Document Number: 76304302 - Page 4 of 28

3

Certified Document Number: 76304302 - Page 5 of 28

e.    the identity of all persons to whom any contents of the documents have been disclosed.

(iv)   A description of all conversations for which such privilege is claimed, including:

a.    the date of the conversation;
b.    a brief statement describing the <u>general</u> topic of the conversation;
c.    the persons participating in the conversation; and
d.    the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7.    As required by the TEXAS RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8.    "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.    The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original

4

need not be separately produced.   A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

<u>Electronic Data Directive</u>:   Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.    "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.    "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.    "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.    "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.    "Identify" or "identification" shall mean:

(a)    With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

(b)    With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and

Certified Document Number: 76304302 - Page 6 of 28

the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)     With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)     With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)     When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)     When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)     When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties; your status as either plaintiff, Defendants, intervenor, impleader, interpleader, or third-party plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.     "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended Petitions subsequently filed in this lawsuit.

15. "You," "Your," Defendant" or "Defendants" means Steven Seaman, and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney. Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16. "Accident" or "subject accident" shall refer to the crash on or about September 15, 2015, in Harris County, Texas which forms the basis of this lawsuit.

17. "Plaintiff" shall mean Joseph Junsz.

18. "Trip" shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

19. "Vehicle" or "Your Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the vehicle being operated by Steven Seaman at the time the accident occurred.

## II.

## <u>INTERROGATORIES</u>

1.   If you have not been correctly named or served in or by the Plaintiff's Original Complaint, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiff's Original Complaint.

2.   In reference to the trip underway at the time or just prior to the underlying accident, please identify:

      a.   where and when the trip originated;

      b.   whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

      c.   the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident; and

      d.   the final destination for the trip.

3.   When was the last time you consumed any alcohol, prescription medication, or over the counter medication prior to this accident?  For any such consumption, please state:

      a.   whether it was alcohol, prescription medication, or over the counter medication;

      b.   how much was consumed; and

      c.   if it was prescription medication, what the medication is prescribed for;

4.   Have you ever been prescribed contact lenses and/or glasses?  If so please state:

      a.   whether this information is listed on your driver's license;

      b.   whether you are required to wear contact lenses and/or glasses by the State of Texas;

      c.   what prescription of contact lenses and/or glasses you were prescribed;

      d.   were you wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit; and

      e.   if you were wearing contact lenses and/or glasses at the time of the incident made

8

Certified Document Number: 76304302 - Page 9 of 28

the basis of this lawsuit, what was the prescription of those contact lenses and/or glasses.

5.  State each time that you have either pled guilty to or convicted of a criminal offense. For each offense, provide the date of the offense, the date of guilty plea or conviction, the charge you pled guilty to or were convicted of, the punishment imposed, and the city, county and state where the charges were filed.

6.  State each time you have received a traffic citation. For each citation, provide the city, county and state where the citation was received, the date of the citation, the offense you were cited for, the resolution of the citation (plea or adjudication), and the fine or sentence imposed.

7.  Describe each automobile accident you have been involved in. For each accident, provide the date of the accident, the city, county and state where the accident occurred, whether police prepared a report regarding the accident, whether you received a citation in connection with the accident, whether anyone including you was injured in the accident, and the approximate amount of property damage that resulted from the accident.

8.  State each time that your driver's license has been suspended or revoked and provide the reason for the suspension or revocation.

9.  Have you ever been licensed to operate a motor vehicle in any state other than Texas? If your answer is yes, provide the state, when the license was issued, the license number, whether the license was ever suspended or revoked, the reason for suspension or revocation of the license, and whether the license is still active.

10. Provide the telephone number service provider, and name of the person or entity billed for each cell phone you used for a period of three months before and three months after the date of the accident which forms the basis of this lawsuit.

11. Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

12. If you contend that Plaintiff was contributorily negligent, provide all facts which support your contention.

13. If you contend that the mechanical condition of the vehicle you were driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

9

## III.

## <u>REQUESTS FOR PRODUCTION</u>

1.  Produce all postings and webpages from any social networking site including but not limited to Facebook, MySpace, Instagram, etc. for Defendant driver from one month prior to the incident in question until six months after the incident in question.

2.  Produce all police reports for any other vehicular collisions or incidents in which the Defendant driver was involved.

3.  Produce a copy of Defendant Driver's cell phone bill for one month preceding the incident and for the date of the incident. This should list calls received, dates, and times.

4.  Produce a copy of the citation the Defendant Driver received in connection with the incident in question.

5.  Produce all documents detailing how the citation Defendant Driver received as a result of the incident in question was resolved.

6.  Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

7.  Produce copies of any and all other police reports, citations, accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver was the driver of a vehicle involved in the prior accidents or incidents.

8.  Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

Certified Document Number: 76304302 - Page 11 of 28

9.     Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

10.     Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiffs' damages or injuries suffered by Plaintiffs.

11.     Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

12.     Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

13.     Produce copies of any and all investigation and/or accident reports in Defendant's possession that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

14.     Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

15.     Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

16.     Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

17.     Produce any photographs or videotapes of Plaintiff.

18.     Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

19.     Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

20.     Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

21.     Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or

Certified Document Number: 76304302 - Page 12 of 28

intends to claim that it has some ground for denying you coverage provided under said policy.

22.   Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

23.   Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

24.   Produce copies of any and all indemnity agreements between any of the parties to this case.

25.   Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

26.   Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

27.   Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

28.   Produce a copy of the title to the vehicle Defendant was driving at the time of the accident.

29.   Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

30.   Produce a copy of both sides of Defendant's current driver's license(s).

31.   Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

32.   Produce a true and correct listing of all motor vehicles owned by this Defendant from and including the time of the accident made the basis of this suit to the present.  Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

33.   Produce copies of any and all tickets or citations received by Defendant as a result of this incident.

34.   Produce copies of any and all records obtained by Defendant pertaining to Plaintiff.

35.     Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of Defendant's vehicle for the period commencing 30 days before the subject collision through and including 10 days after the subject collision.

36.     Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

37.     For the period of one week before and after the incident made the basis of this lawsuit, product all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the Defendant's vehicle involved in the incident made the basis of this lawsuit?   In the alternative, provide sufficient information for Plaintiffs to subpoena this information from the relevant cellular wireless service provider.

## IV.

### Request of Disclosure

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual basis of your claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     For any testifying expert

    (1)     The expert's name, address, and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)     If the expert is retained by you, employed by you, or otherwise subject to your control:

Certified Document Number: 76304302 - Page 14 of 28

13

    (A)  All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)  The expert's current resume and bibliography;

(g)  Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)  Any discoverable settlement agreements described in Rule 192.3(g);

(i)  Any witness statements described in Rule 192.3(h);

(j)  All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)  All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)  The name, address, and telephone number of any person who may be designated as a responsible third party.

Certified Document Number: 76304302 - Page 15 of 28

CAUSE NO. _____

| | | |
|---|---|---|
| JUNSZ JOSEPH, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STEVEN SEAMAN AND | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| | § | |
| DEFENDANTS. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR DISCLOSURE TO DEFENDANT KNIGHT TRANSPORTATION, INC.

To:    Defendant Knight Transportation, Inc., by and through its registered agent, CT Corp. System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

Plaintiff, in accordance with the provisions of the Texas Rules of Civil Procedure, propounds the following Interrogatories, Request for Production, and Request for Disclosure to Defendant Knight Transportation, Inc. and requests that these requests be answered separately and fully in writing, under oath, and served upon the undersigned attorney within fifty (50) days after service hereof.

Please note that, in accordance with Rule 193.5 of the Texas Rules of Civil Procedure, you have a duty to supplement your response if you obtain information upon the basis of which you know that the response was incorrect or incomplete when made or you know that the response, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

/s/ Michael E. Pierce

MICHAEL E. PIERCE
State Bar No. 24039117
JAMES P. LAMEY
State Bar No. 24094072
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email:       michael@pstriallaw.com
             james@pstriallaw.com
             service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**

2

# I.

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.  When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.  All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged.  If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.  All responses must be made separately and fully.  An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.  Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.  The TEXAS RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence:  (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.  If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

    (i)    A short statement identifying each privilege involving the basis therefore;

    (ii)   The facts upon which you relied to support the claim of privilege;

    (iii)  A description of all documents for which such privilege is claimed, including:

           a.   the type of document;
           b.   a brief statement of the document's general topic matter;
           c.   the date of the document;
           d.   author(s) and their title(s) and position(s); and

Certified Document Number: 76304302 - Page 18 of 28

3

e.  the identity of all persons to whom any contents of the documents have been disclosed.

(iv)  A description of all conversations for which such privilege is claimed, including:

a.  the date of the conversation;
b.  a brief statement describing the <u>general</u> topic of the conversation;
c.  the persons participating in the conversation; and
d.  the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7.  As required by the TEXAS RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8.  "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the TEXAS RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original

Certified Document Number: 76304302 - Page 19 of 28

need not be separately produced.   A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

<u>Electronic Data Directive</u>:   Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.   "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.   "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.   "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.   "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.   "Identify" or "identification" shall mean:

(a)   With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).   If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

(b)   With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and

Certified Document Number: 76304302 - Page 20 of 28

the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)    With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)    With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)    When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)    When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)    When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties; your status as either plaintiff, Defendants, intervenor, impleader, interpleader, or third-party plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.    "Petition" means Plaintiff's Original Petition in this case or any supplemental or amended Petitions subsequently filed in this lawsuit.

Certified Document Number: 76304302 - Page 21 of 28

15. "You," "Your," Defendant" or "Defendants" means Knight Transportation, Inc., and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney. Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16. "Accident" or "subject accident" shall refer to the crash on or about September 15, 2015, in Harris County, Texas which forms the basis of this lawsuit.

17. "Plaintiff" shall mean Joseph Junsz.

18. "Trip" shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

19. "Vehicle" or "Your Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the vehicle being operated by Steven Seaman at the time the accident occurred.

Certified Document Number: 76304302 - Page 22 of 28

## II.

## <u>INTERROGATORIES</u>

1.  If you have not been correctly named or served in or by the Plaintiff's Original Complaint, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiff's Original Complaint.

2.  In reference to the trip underway at the time or just prior to the underlying accident, please identify:

    a.  where and when the trip originated;

    b.  whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

    c.  the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident; and

    d.  the final destination for the trip.

3.  Did Defendant Joe L. Ramirez have your permission to operate your vehicle on the date of the subject accident?

4.  Describe all steps you took to investigate Defendant Steven Seaman's driving record prior to entrusting him with an automobile. For each step taken, provide the date of the investigation, all outside sources consulted, and the results of all searches.

5.  Describe all tests of driving, including but not limited to, written tests, road tests, and ride alongs, you administered to Defendant Steven Seaman to verify his ability to safely operate a motor vehicle.

6.  Identify all other automobile accidents which occurred in the 5 years preceding the subject accident which involved employees driving vehicles owned by you. For each accident, provide the date of the accident, the name of the employee, the location of the accident, and the name of the law enforcement organization which investigated the accident.

7.  Identify all other automobile accidents which occurred in the 5 years preceding the subject accident which involved Defendant Steven Seaman. For each accident, provide the date of the accident, the location of the accident, and the name of the law enforcement organization which investigated the accident.

Certified Document Number: 76304302 - Page 23 of 28

8.  Provide the name of the cell phone provider and telephone number for all cellular telephones present in the vehicle driven by Defendant Steven Seaman at the time of the subject accident.

## III.

## REQUESTS FOR PRODUCTION

1.  Produce all accident reports, variance reports, and investigation reports concerning the subject accident.

2.  Produce copies of police reports for all other vehicular collisions or incidents involving your employees while driving company vehicles for a period of 5 years prior to the subject accident.

3.  Produce a copy of all cell phone bills for one month preceding the incident and for the date of the incident for each cell phone present in the vehicle driven by Steven Seaman at the time of the subject accident.

4.  Copy of the citation the Defendant Driver received in connection with the incident in question.

5.  Documents detailing how the citation Defendant Driver received as a result of the incident in question was resolved.

6.  Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys.  This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

7.  Produce copies of any and all other police reports, citations, accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver was the driver of a vehicle involved in the prior accidents or incidents.

8.  Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment.  This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

Certified Document Number: 76304302 - Page 24 of 28

9.    Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

10.   Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiffs' damages or injuries suffered by Plaintiffs.

11.   Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

12.   Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

13.   Produce copies of any and all investigation and/or accident reports in Defendant's possession that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

14.   Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

15.   Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

16.   Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

17.   Produce any photographs or videotapes of Plaintiff.

18.   Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

19.   Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

20.   Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

21.   Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

22.   Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

23.   Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

24.   Produce copies of any and all indemnity agreements between any of the parties to this case.

25.   Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

26.   Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

27.   Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

28.   Produce a copy of the title to the vehicle Steven Seaman was driving at the time of the accident.

29.   Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

30.   Produce Steven Seaman's personnel file.

31.   Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

32.   Produce a true and correct listing of all motor vehicles owned by this Defendant from and including the time of the accident made the basis of this suit to the present.  Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

33.   Produce copies of any and all tickets or citations received by Steven Seaman as a result of this incident.

34.   Produce copies of any and all records obtained by Defendant pertaining to Plaintiff.

Certified Document Number: 76304302 - Page 26 of 28

11

35.  Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of Defendant's vehicle for the period commencing 30 days before the subject collision through and including 10 days after the subject collision.

36.  Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

37.  For the period of one week before and after the incident made the basis of this lawsuit, product all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the Defendant's vehicle involved in the incident made the basis of this lawsuit?  In the alternative, provide sufficient information for Plaintiffs to subpoena this information from the relevant cellular wireless service provider.

## IV.

### Request of Disclosure

(a)  The correct names of the parties to the lawsuit;

(b)  The name, address, and telephone number of any potential parties;

(c)  The legal theories and, in general, the factual basis of your claims or defenses;

(d)  The amount and any method of calculating economic damages;

(e)  The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)  For any testifying expert

    (1)  The expert's name, address, and telephone number;

    (2)  The subject matter on which the expert will testify;

    (3)  The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

Certified Document Number: 76304302 - Page 27 of 28

    (4)    If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A)    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 6, 2017

Certified Document Number:          76304302 Total Pages:   28

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

8/10/2017 3:29:58 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 18769796
By: THOMAS, LISA E
Filed: 8/10/2017 3:29:58 PM

## CIVIL PROCESS REQUEST
### 2017-53389 / Court: 127

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Plaintiff's Original Petition and First Set of Discovery

**FILE DATE OF MOTION:** _____  8-10-17 _____
Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  **NAME:**  Steven Seaman

   **ADDRESS:**  3427 McCormick Blvd., Bullhead City, Arizona 86429

   **AGENT,** (if applicable): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):  Citation

   **SERVICE BY** (check one):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:  CRR - BOX 107       **Phone:** 713-227-3353
   ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
      Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** explain _____

*******************************************************************************

****

2.  **NAME:**  Knight Transportation, Inc.

   **ADDRESS:**  1999 Bryan St., Suite 900, Dallas, TX 75201

   **AGENT,** (if applicable):  CT Corp. System

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):  Citation

   **SERVICE BY** (check one):
   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☒ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:  CRR - BOX 107       **Phone:** 713-227-3353
   ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
      Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** explain _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:**  Michael E. Pierce          **TEXAS BAR NO./ID NO.**  24039117

**MAILING ADDRESS:**  3701 Kirby Drive, Suite 760, Houston, TX 77098

**PHONE NUMBER:**  832   690-7000          **FAX NUMBER:**  832   616-5576
area code   phone number                         area code   fax number

**EMAIL ADDRESS:**  michael@pstriallaw.com

Certified Document Number: 76304304 - Page 1 of 2

CIVIC109 Revised 9/3/09


DEFENDANT'S EXHIBIT
C
ALL-STATE LEGAL®

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION ✔
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)
MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 76304304 - Page 2 of 2

CIVC108 Revised 9/3/99



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 6, 2017

Certified Document Number:        76304304 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED
VERIFIED 

## Civil Process Pick-Up Form

CAUSE NUMBER: 2017- 53389

ATY_____       CIV b        **COURT** 127

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Pierce, Michael Elton  * PH: 832-690-7000 |
| *CIVIL PROCESS SERVER: CRR                    BOX 07 |
| *PH: 713 - 227 - 3353 |
| *PERSON NOTIFIED SVC READY: _____ |
| * NOTIFIED BY: Rayshana |
| *DATE: 8/17/2017 |

Type of Service Document: CITATION     Tracking Number 734 04903
Type of Service Document: Citation     Tracking Number 73404912
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____
Type of Service Document: _____   Tracking Number _____

Process papers prepared by: **Rayshana**

Date: 8 - 14 - 2017     30 days waiting 9 - 14 - 2017

| *Process papers released to: | Gibson |
|---|---|
| | (PRINT NAME) |
| 7·2273313 | |
| *(CONTACT NUMBER) | (SIGNATURE) |
| *Process papers released by: | Ray |
| | (PRINT NAME) |
| | (SIGNATURE) |
| * Date: 8/8·17 , 2017  Time: 11:40   AM / PM | |

**Entire document must be completed**   (do not change this document)  Revised

Certified Document Number: 76425288 - Page 1 of 1

DEFENDANT'S EXHIBIT
D
ALL-STATE LEGAL®





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    September 6, 2017

Certified Document Number:        76425288 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# CHRIS DANIEL
**HARRIS COUNTY DISTRICT CLERK**


ENTERED ___
VERIFIED ___

## Civil Process Pick-Up Form

### CAUSE NUMBER: _2017- 53389_

ATY_____        CIV_____        **COURT** _127_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Hill, Brett Michael   * PH: 713-659-4000 |
| *CIVIL PROCESS SERVER: Brett True Investigations BOX 214 |
| *PH: 281-777-9199   713-659-9199 |
| *PERSON NOTIFIED SVC READY: Vmail (10:03am) |
| * NOTIFIED BY: Rayshana |
| *DATE: 8/17/2017 |

Type of Service Document: _CITATION_   Tracking Number 73404880
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____

**Process papers prepared by: Rayshana**

Date: _8-17-_2017    30 days waiting _9-17-_2017

| |
|---|
| *Process papers released to: Britney Estrada |
| (PRINT NAME)   Bjt Esta (SIGNATURE) |
| *(CONTACT NUMBER) |
| *Process papers released by: I. Collins |
| (PRINT NAME)   L. Coll (SIGNATURE) |
| * Date: 8/17, 2017  Time: 3:40  AM /PM |

**DEFENDANT'S EXHIBIT E**

**Entire document must be completed   (do not change this document)** Revise



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    September 6, 2017

Certified Document Number:        76439520 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JUSNZ JOSEPH | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:17-cv-2739 |
| | § | |
| KNIGHT TRANSPORTATION, INC. | § | |
| AND STEVEN SEAMAN | § | JURY REQUESTED |

### LIST OF PARTIES, COUNSEL OF RECORD AND STATUS

**PLAINTIFF:**
Jusnz Joseph

**DEFENDANTS:**
Knight Transportation, Inc.
Steven Seaman

**ATTORNEYS:**

**ATTORNEY FOR PLAINTIFF:**
Michael Pierce
SBN:   24039117
FBN:
**PIERCE SKRABANEK, PLLC**
3701 Kirby Drive, Ste. 760
Houston, TX 77098
832/616-5576
832/616-5576 (fax)
Michael@pstriallaw.com
service@pstriallaw.com

**ATTORNEY FOR DEFENDANT**
Roger D. Oppenheim
SBN:  15293400
FBN:  14205
**LORANCE & THOMPSON, PC**
2900 North Loop West, Ste. 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com

**STATUS OF REMOVED CASE:**

August 10, 2017      Plaintiff's Original Petition and Discovery Requests

September 12, 2017   Defendants' Notice of Removal

Defendants, Knight Transportation, Inc. and Steven Seaman, have been served with the Plaintiff's Original Petition and Discovery Requests.  Defendants have not filed responses to written discovery.  No depositions have been taken.  The matter has not been mediated.  The case has no trial setting or other court ordered deadlines.

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN:  14206
SBN:  15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC.
AND STEVEN SEAMAN

## CERTIFICATE OF SERVICE

On this 12th day of September, 2017, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

**Mr. Michael Pierce**
**Mr. James Laamey**
**Pierce Skrabankek, PLLC**
**3701 Kirby Drive, Ste. 760**
**Houston, TX 77098**
**michael@pstriallaw.com**
**james@pstriallaw.com**
**service@pstriallaw.com**

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim